UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARIO ESPINOZA, | Case No. 3:21-cv-00198-MMD-CSD |
| Petitioner, | ORDER |
| v. | |
| WILLIAM "BILL" GITTERE, *et al.*, | |
| Respondents. | |

28 U.S.C. § 2254 habeas corpus Petitioner Mario Espinoza has filed a motion for appointment of counsel. (ECF No. 18 ("Motion").) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the Petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196.

Here, Espinoza was convicted by a jury of first-degree murder and kidnapping and sentenced to two terms of life without the possibility of parole. Espinoza alleges that he has a long history of mental illness and had a potentially viable insanity defense. In order to ensure due process, the Court grants Espinoza's Motion. In light of the appointment of counsel, Respondents' motion to dismiss (ECF No. 21) is denied without prejudice.

Respondents have also filed a motion for leave to file an exhibit under seal. (ECF No. 26.) While there is a presumption favoring public access to judicial filings and

documents, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure, *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons" exist where the records may be used for improper purposes. *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). Here, Respondents ask to file Espinoza's presentence investigation report ("PSI") under seal because it is confidential under state law and contains Espinoza's identifiers and social security number. (ECF No. 26.) The Court has reviewed the PSI and concludes Respondents have demonstrated compelling reasons to file the PSI under seal.

It is therefore ordered that Petitioner Mario Espinoza's motion for appointment of counsel (ECF No. 18) is granted.

It is further ordered that the Federal Public Defender for the District of Nevada ("FPD") is appointed to represent Espinoza.

The Clerk of Court is directed to electronically serve the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 15). The FPD has 30 days from the date of entry of this order to file a notice of appearance or to indicate to the Court its inability to represent Espinoza in these proceedings.

It is further ordered that after counsel has appeared for Espinoza in this case, the Court will issue a scheduling order, which will, among other things, set a deadline for the filing of an amended petition.

It is further ordered that Respondents' motion for leave to file exhibit under seal (ECF No. 26) is granted.

It is further ordered that Respondents' motion to dismiss (ECF No. 21) is denied without prejudice.

///

///

///

It is further ordered that Respondents' motion to extend time to respond (ECF No. 19) to the petition is granted *nunc pro tunc*.

DATED THIS 5th Day of April 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE