UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARIO ESPINOZA,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>CALVIN JOHNSON, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. 3:21-cv-00198-MMD-CSD<br><br>ORDER |

**I.　SUMMARY**

The Court appointed the Federal Public Defender to represent Mario Espinoza in this 28 U.S.C. § 2254 habeas corpus action in April 2022. (ECF No. 30.) Espinoza now seeks a stay and abeyance while he litigates his state postconviction petition. (ECF No. 53.) Respondents oppose, arguing that Espinoza cannot demonstrate good cause and that his claims are plainly meritless. (ECF No. 56.) The Court concludes that Espinoza meets the *Rhines* standard and that judicial efficiency is best served by a stay. Accordingly, the motion for stay is granted.

**II.　BACKGROUND**

Espinoza was convicted pursuant to a guilty plea of first-degree murder and first-degree kidnapping with substantial bodily harm. (ECF No. 23-7.) The charges stemmed from an incident in which Espinoza, who has a long history of mental illness, shot and killed the father of a family with whom he and his wife were staying while in a methamphetamine-induced psychosis. (ECF No. 40 at 10-14.) The state district court sentenced him to concurrent terms of life without the possibility of parole. (ECF No. 24-2.) Judgment of conviction was entered on December 12, 2017. (ECF No. 24-3.) Espinoza did not file a direct appeal. He filed a state postconviction habeas corpus petition in November 2018. The Nevada Supreme Court affirmed the denial of his state

1  postconviction habeas corpus petition in July 2020. (ECF No. 25-17.) Espinoza
2  dispatched his federal habeas petition for filing in April 2021. (ECF No. 15.) The Court
3  granted his motion for counsel and appointed the Federal Public Defender ("FPD"). (ECF
4  No. 30.) Espinoza's amended petition is pending before the Court. (ECF No. 40.)

### III.    MOTION FOR STAY

Espinoza moves for a stay and abeyance of this case while he litigates a second state postconviction petition. (ECF No. 53.) In *Rhines v. Weber*, the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. 544 U.S. 269 (2005). First, "stay and abeyance should be available only in limited circumstances." *Id.* at 277.  And the relief is "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. *Id*. Moreover, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *See Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *See Rhines*, 544 U.S. at 278; *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

Here, Espinoza asks the Court to stay this action while he litigates a state postconviction petition through the FPD. (ECF No. 14.) He argues that he has good cause because he is innocent of first-degree murder and first-degree kidnapping, and his state postconviction counsel was ineffective. *See Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017). He contends that his claims alleging serious defects with his guilty plea, including that his mental illness raises questions regarding whether the plea was voluntary,

knowing, and intelligent are not plainly meritless. Specifically, his claims are that (1) his guilty plea was not entered knowingly and voluntarily due to his serious mental illness; (2) trial counsel was ineffective for failing to investigate a defense of psychosis in light of Espinoza's history of serious childhood trauma and abuse, debilitating mental illness, and severe drug addiction;[1] and (3) trial counsel was ineffective at sentencing for failing to adequately present Espinoza's mental health issues. (ECF No. 40 at 19-25.) He also contends that he is not engaging in dilatory tactics but seeks a stay in order to advance postconviction litigation.

Respondents oppose, arguing that deficient state postconviction counsel alone does not establish good cause, that Espinoza cannot demonstrate actual innocence and that Espinoza fails to demonstrate his claims are not plainly meritless. They also argue that Espinoza's claims would be procedurally barred as untimely and successive. (ECF No. 56 at 5.) *See also* NRS §§ 34.726, 34.810. Thus, Respondents contend that it would be futile to return to state court.

The Court concludes that a stay is warranted under these circumstances. The Ninth Circuit Court of Appeals has held that a petitioner can show good cause for a stay if his state postconviction counsel was ineffective. *Dixon*, 847 F.3d at 721. The *Rhines* good-cause standard also overlaps with what constitutes good cause to overcome procedural default. Procedural default refers to when a petitioner litigates a claim in state court and the state court rejects the claim for adequate and independent state procedural reasons, the claim may be "procedurally defaulted" in federal court, in which case federal merits review may be unavailable. But if a petitioner can show cause for the default along with prejudice, or a fundamental miscarriage of justice, the federal court can review the defaulted claim on the merits. *See generally Coleman v. Thompson*, 501 U.S. 722 (1991); *Murray v. Carrier,* 477 U.S. 478 (1986). As noted above, the Ninth Circuit has held that a petitioner can show good cause for a stay if his state postconviction counsel was ineffective. *Dixon*, 847 F.3d at 721. And a petitioner can show good cause to overcome

---

[1] *See* ECF No. 40 at 3-10.

a procedural default by showing that state postconviction counsel was ineffective for failing to litigate a substantial claim of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1 (2012). A petitioner can also overcome procedural default by establishing actual innocence.[2]

Here, Espinoza argues that his state postconviction counsel was ineffective. He also argues that he is actually innocent because he was experiencing a meth-induced psychosis during the incident. Counsel for Espinoza contends that his documented history of severe mental health issues, combined with heavy meth use, led to a psychosis during which he lacked the ability to think or act in a rational manner when he shot and killed the victim, and he was unable to premeditate or deliberate or form the specific intent necessary for first-degree murder or first-degree kidnapping. Counsel points to a new expert report from a neuropharmacologist as well as about 2500 pages of mental health records that were never presented in state court. (*See* ECF Nos. 43-11 -43-33.)[3]

Espinoza's claims are not plainly meritless. They also are not obviously time-barred because he has not yet had an opportunity to address whether he is entitled to statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(2) (providing for statutory tolling); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (explaining a petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently, but some extraordinary circumstance stood in his way). Finally, judicial economy is best served by staying this case while Espinoza exhausts unexhausted claims in state court. Of course, if he obtains relief in state court his petition here would be rendered moot.

Espinoza is already litigating his postconviction petition in state court. This Court notes that this is a case involving allegations that Espinoza suffered horrendous physical,

---

[2]Demonstrating actual innocence enables a petitioner to overcome procedural bars (including timeliness) to the merits review of his constitutional claims. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

[3]Defense counsel attached approximately 500 pages of other medical records (not the 2500 pages referenced above) to Espinoza's sentencing memorandum, without summary or any description or explanation (except the dates and the treatment facility). (ECF Nos. 24-1, Nos. 43-1-43-10.)

psychological and sexual abuse from the time he was a toddler, decades of serious mental illness, and lapses in treatment. He also alleges his plea counsel was deficient in providing readily available evidence to the courts of his mental illness. The state district court sentenced him to the most severe sentence available, save for a capital sentence.

Accordingly, the Court stays this action pending exhaustion of the unexhausted grounds in the amended petition. In light of the stay, the Court denies without prejudice Respondents' motion to dismiss. Once the stay is lifted, Respondents may reassert any appropriate defenses. Accordingly, the Court grants the motion for a stay and abeyance.

### IV. CONCLUSION

It is therefore ordered that Petitioner's motion for a stay and abeyance (ECF No. 53) is granted.

It is further ordered that this action is stayed pending final resolution of Petitioner's state postconviction habeas petition.

It is further ordered that the grant of a stay is conditioned upon Petitioner returning to federal court with a motion to reopen the case within 45 days of the issuance of the remittitur by the state appellate court at the conclusion of the state-court proceedings on the postconviction habeas petition.

It is further ordered that Respondents' motion to dismiss (ECF No. 44) is denied without prejudice.

It is further ordered that Respondents' motion for extension of time to respond to the motion to dismiss (ECF No. 60) is denied as moot.

It is further ordered that the Clerk of Court administratively close this action, until such time as the Court grants a motion to reopen the matter.

DATED THIS 18th Day of October 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE