# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

MARIO ESPINOZA,

                Petitioner,

   v.

GITTERE, *et al*.,

                Respondents.

Case No. 3:21-cv-00198-MMD-CSD

ORDER

      This Court previously granted a stay and administratively closed Petitioner Mario Espinoza's 28 U.S.C. § 2254 federal habeas corpus action pending the completion of his state postconviction litigation. (ECF No. 61.) Espinoza has filed a motion to reopen this case because his state litigation has concluded. (ECF No. 66.) Good cause appearing, this action is reopened.

      It is therefore ordered that Petitioner's motion to reopen the case (ECF No. 66) is granted. The Clerk of Court is directed to reopen the file in this action.

      It is further ordered that Petitioner file a second-amended petition within 60 days of the date of this order.

      It is further ordered that Respondents file a response to the petition, including potentially by motion to dismiss, within 60 days of service of the amended petition, with any requests for relief by Petitioner by motion otherwise being subject to the normal briefing schedule under the Local Rules. Any response filed should comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

      It is further ordered that any procedural defenses raised by Respondents in this case be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural

defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they should do so within the single motion to dismiss not in the answer; and (b) they should specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Petitioner has 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by Respondents by motion otherwise being subject to the normal briefing schedule under the Local Rules.

It is further ordered that any additional state court record exhibits filed herein by either petitioner or Respondents be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further should be identified by the number of the exhibit in the attachment. Each exhibit must be filed as a separate attachment.

It is further ordered that, at this time, the parties send courtesy copies of any responsive pleading or motion and indices of exhibits only to the Reno Division of this court. Courtesy copies are to be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501 and directed to the attention of "Staff Attorney" on the outside of the mailing address label. No further courtesy copies are required unless and until requested by the court.

DATED THIS 27th Day of October 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE